IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD., | ) ) ) | Case No. |
| Plaintiff, | ) ) | Magistrate Judge: |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, | ) ) ) ) ) ) | **REDACTED VERSION** |
| Defendants. | ) | |

## <u>COMPLAINT</u>

Plaintiff Shenzhen Daisili Commercial Co., Ltd. ("Shenzhen"), for its Complaint and prayer for injunctive relief against the parties identified on **Schedule A** attached hereto ("Defendants"), states as follows:

### INTRODUCTION

1.    Plaintiff Shenzhen owns the enormously popular DRESSLILY online fashion and lifestyle retailer. (*See* https://www.dresslily.com/). Shenzhen's affordable clothes and original designs have taken the Internet by storm and inspired many copycats. Defendants are an online sellers operating under one or more seller aliases that are advertising, offering for sale, and selling clothing using Shenzhen's original, copyrighted works. Defendants may be using more than one alias at a time to conceal their identity and the full scope of their operations.

2.    Shenzhen is forced to file this action to combat Defendants' infringement of its copyrighted works and to protect unknowing consumers from purchasing unauthorized products over the Internet. Shenzhen has been irreparably damaged by Defendants' infringement and seeks injunctive and monetary relief.

## THE PARTIES

3.     Plaintiff Shenzhen Daisili Commercial Co., Ltd. is a private limited liability company with its principal place of business in China and owns the famous Dresslily trademark (U.S. Reg. No. 5787722) and online fashion and lifestyle retailer.

4.     Defendants are business entities who, upon information and belief, reside exclusively in foreign jurisdictions. Defendants operate e-commerce stores under the seller aliases identified on Schedule A and/or other aliases. Defendants conduct business in the United States and have offered to sell and have sold and continue to offer to sell and sell products to United States consumers, including in New York and this judicial district.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action arises under the copyright laws of the United States.

6.     This Court has personal jurisdiction over Defendants under Federal Rule 4(k)(2) because they are foreign Defendants that can be sued anywhere in the United States, are not subject to jurisdiction to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the Copyright Act and the United States Constitution.

7.     This Court has personal jurisdiction over Defendants because Defendants target business activities toward consumers in the United States, including New York. Defendants offer to sell and sells to New York residents and other United States consumers by setting up and operating e-commerce stores through online platforms. Defendants offer shipping to the United States, including New York, and accept payment in U.S. dollars from U.S. bank accounts. Defendants have offered to sell, have sold, and continue to offer to sell and sells apparel using unauthorized copies of Shenzhen's copyrighted works to residents of New York, and residents of this District. Defendant has wrongfully injured Shenzhen in the state of New York.

97650\324127118.v1

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a). In this copyright action, venue is proper in any district in which Defendant resides or may be found, which includes any district in which they would be subject to personal jurisdiction. *See also* 28 U.S.C. § 1391(b)(3). On information and belief, Defendants are not a residents of the United States, which means that it may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## JOINDER

9.      Joining Defendants is proper in this case under Federal Rules 20(a)(2) because Shenzhen's claims arise out of the same occurrence of mass copyright infringement on the same website, and, upon information and belief, all Defendants are interrelated, utilize the same production facilities to produce their infringing products, and operate as a collective with similar ownership and production structures.

10.     Defendants are logically interrelated because they all sell infringing products on the same internet platform, www.temu.com, and there will be common questions of both law and fact that will arise.

11.     Based on Plaintiff's knowledge of online marketplace production in the People's Republic of China and subsequent sales through www.temu.com, Defendants have similar/connected ownership interest and collectively determine what products to produce and infringe upon.

12.      Specifically, it is Plaintiff's belief that Defendants chose a specific product to infringe, and then manufacture that product at a single production facility. Defendants then distribute the infringing product to the related online marketplace Defendants, who, upon information and belief, have similar shareholders and utilize Plaintiff's copyrighted images to market and sell the product through online sales platforms.

97650\324127118.v1

13.    Defendants are also interrelated because of the commonalities shared by the infringing products, the actual copyrighted images infringed, and, upon information and belief, their common ownership/corporate identities.

## BACKGROUND

### Plaintiff's Copyrighted Works

14.    Shenzhen is a private foreign limited liability company. In the United States, Shenzhen sells apparel, accessories, and a variety of other products through its website, https://www.dresslily.com.

15.    Through its brand, Shenzhen has invested significant resources in building goodwill and brand recognition on social media and the internet. It has made a name among regular shoppers and has registered various copyrights to protect its original designs and photographs.

16.    Shenzhen is the owner of all rights to the copyrighted designs and photographs at issue here (the "Shenzhen Copyrights"). A copy of the United States Copyright Office registration pages for Reg. No. ████████, and United States Copyright Office Catalog printouts for Reg. Nos. ████████, and ████████ are attached as Exhibits 1-3.[1] As reflected in these documents (Exhs. 1-3), Shenzhen is the owner of all rights to these copyrights, and the copyrights are valid and enforceable.

17.    Each of the Shenzhen's Copyrights are included in product listings on the Dresslily website and/or app. Copies of Plaintiff's copyrighted photographs at issue are attached as Exhibit 3. A link to examples of the Dresslily product listing with photographs are provided in the following table:

---

[1] Plaintiff has not yet received its Certificates for these two Registrations but will supplement the record once received.

| Registration No. | Title of Work | Dresslily Product Listing URLS |
|---|---|---|
| ███████████ | ████████████ | ███████████████████ |
| | | █████████████████ |
| | | ██████████████ |
| | | |
| | | █████████████████████ |
| | | █████████████████ |
| | | █████████████ |

*Defendants' Unlawful Conduct*

18.    Defendants are online sellers on e-commerce platforms, including www.temu.com. Defendants have deliberately and unlawfully copied, displayed, and sold various apparel using images virtually identical, or exactly identical, to the Shenzhen Copyrights. The success of the Dresslily brand inspires many copycats. Shenzhen regularly finds sellers on e-commerce platforms selling goods bearing or using infringing copies of the Shenzhen Copyrights.

19.    Defendants are among such sellers that have recognized Shenzhen's success and infringed on the Shenzhen Copyrights by copying those designs directly from https://www.dresslily.com.

20.    Defendants knowingly and willfully manufacture, offer for sale, and/or sell apparel using the Shenzhen Copyrights in the United States without authorization. Defendants' conduct infringes Shenzhen's copyright and irreparably harms Shenzhen.

97650\324127118.v1

## COUNT I
### Copyright Infringement (17 U.S.C. §§ 106 and 501 Against Schedule A Defendants)

21.     Shenzhen incorporates each of the preceding paragraphs as if fully set forth herein.

22.     The Shenzhen Copyrights are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

23.     Shenzhen's ownership of the Shenzhen Copyrights and registrations for the Shenzhen Copyrights are valid and in full force and effect under Reg Nos. ███████████, ███████████, and ███████████. At all relevant times, Shenzhen has owned and still owns all exclusive rights in the Shenzhen Copyrights, including the right to reproduce, to prepare derivative works, and to distribute copies.

24.     Shenzhen has never granted any license or rights in the Shenzhen Copyrights to Defendants.

25.     Defendants have deliberately and unlawfully copied, manufactured, displayed, reproduced, created derivative works of, adapted, marketed, sold, and/or distributed the Shenzhen Copyrights in violation of Shenzhen's Copyrights.

26.     On information and belief, Defendants had access to the Shenzhen Copyrights *via* the Internet, where the designs appear in connection with Dresslily-branded clothing Shenzhen sells online, and the photographs are used to sell Dresslily products.

27.     Defendants' copied designs and photographs are, in the vast majority of cases, virtually identical to the Shenzhen Copyrights. Where they are not virtually identical, they are strikingly similar. Shenzhen's original designs and photographs are reproduced below alongside examples of copies found in Defendants' web stores. The infringing photographs from the copied designs on the Temu website are attached as Exhibit 4. The actual screenshots from Defendants' online storefronts are attached as Exhibit 5.

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |

7

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|



97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |
| | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |
| | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |



97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |
| | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|



97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
| --- | --- | --- |
| | | |
| | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|



| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
|  | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
|  |  |  |
|  |  |  |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
|  | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |
| | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |



97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
|  |  |  |
|  |  |  |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
|  | | |

97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|



97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |



97650\324127118.v1

| Copyright Reg. No. | Original Design/Photograph | Copied Design/Photograph |
|---|---|---|
| | | |

28.    Defendants' actions constitute willful copyright infringement in violation of 17 U.S.C. § § 106 and 50l (a).

29.    Defendants reap the benefits of their unauthorized copying in the form of revenue and other profits from the sale of clothing using the copied designs and photographs.

30.    Pursuant to 17 U.S.C. § 504, Shenzhen is entitled to actual damages and any additional profits attributable to Defendants' acts in an amount to be determined at trial, as well as statutory damages, enhanced for Defendants' willful infringement, and attorneys' fees pursuant to the Copyright Act.

31.    Defendants have caused, and if not enjoined will continue to cause, Shenzhen irreparable injury for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

Shenzhen prays for the following relief:

97650\324127118.v1

1.     Judgment in favor of Shenzhen.

2.     Preliminary and permanent injunctive relief restraining Defendants and Defendants' officers, agents, servants, employees, attorneys, and all persons in active concert and/or participation with any of them from:

    a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Shenzhen Copyrights in any manner without Shenzhen's express authorization;

    b. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or disposing of, in any manner, products or inventory not manufactured by or for Shenzhen which bear the Shenzhen Copyrights.

3.     Entry of an Order that, upon Shenzhen's request, those with notice of the injunction, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods which bear the Shenzhen Copyrights.

4.     Compensatory and exemplary damages, as well as disgorgement of Defendants' profits.

5.     Alternatively, Shenzhen prays for the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c).

6.     Pre-and post-judgment interest and attorney's fees and costs.

7.     All other and further relief as is just, equitable, and proper.

97650\324127118.v1

Date:   April 10, 2025

Respectfully submitted,

HINSHAW & CULBERTSON LLP

Brent M. Reitter, Esq.
Alexandria A. Kaminski, Esq.

Hinshaw & Culbertson LLP
800 3rd Avenue, FL 13
New York, NY 10022
Telephone: 212-471-6247
Facsimile: 212-935-1166
breitter@hinshawlaw.com

27

97650\324127118.v1