IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, |
| v. |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, |
| Defendants. |

Case No. 1:25-cv-03188-LAP

District Judge: Hon. Loretta A. Preska

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Shenzhen Daisili Commercial Co., Ltd. ("Shenzhen") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and using at least the domain names identified in Schedule A (the "Defendant Domain Names") and the online marketplace accounts identified in Schedule A (the "Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Shenzhen's Motion as follows.

This Court finds Shenzhen has provided notice to Defendants in accordance with the Sealed Temporary Restraining Order ("TRO") entered on April 22, 2025, and extended once by letter motion (Dkt. Nos. 7 and 9), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Shenzhen has provided a basis to conclude that Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including New York, and have sold products using infringing and counterfeit versions of Shenzhen's federally registered copyrights (the "Shenzhen Copyrights") to residents of New York.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Shenzhen's previously granted Motion for Entry of a TRO establishes that Shenzhen has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Shenzhen will suffer irreparable harm if the injunction is not granted.

Specifically, Shenzhen has proved a *prima facie* case of copyright infringement because (1) the Shenzhen Copyrights are registered with the U.S. Copyright Office under the registration numbers listed in the Complaint (Dkt. No. 1); (2) Defendants are not licensed or authorized to use the Shenzhen Copyrights; (3) Defendants had access to copy the designs, since they were publicly displayed on the DRESSLILY website; and (4) Defendants' clothing designs are identical or substantially similar to the Shenzhen Copyrights. Furthermore, Defendants' continued and unauthorized use of the Shenzhen Copyrights irreparably harms Shenzhen through diminished goodwill and brand confidence, damage to Shenzhen's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Shenzhen has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to uphold copyright protections. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

a. using the Shenzhen Copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Shenzhen product or not authorized by Shenzhen to be sold in connection with the Shenzhen Copyrights; or

b. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Shenzhen, nor authorized by Shenzhen to be sold or offered for sale, and which bear any of Shenzhen's copyrights, including the Shenzhen Copyrights.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Shenzhen is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, saving and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, ContextLogic Inc. d/b/a Wish.com ("Wish.com"), Alibaba Group Holding Ltd. ("Alibaba"), Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Shenzhen's request, any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Temu (the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Shenzhen expedited discovery, limited to copies of documents and records in such person's or entity's possession or control, sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

      c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, saving and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish.com, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

    5.    Upon Shenzhen's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 4, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Shenzhen Copyrights.

    6.    Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

      a. Locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses associated with such Defendants' seller aliases, and any e-mail addresses provided for Defendants by third parties; and

      b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

    7.    Shenzhen may provide notice of the proceedings in this case to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to

any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "OLY Large Clothing, and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and email, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of New York Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The $1,000 bond posted by Shenzhen shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

The Clerk of the Court shall close dkt. no. 11.

Dated: June 2, 2025

SO ORDERED

*Loretta A. Preska*

Loretta A. Preska
United States District Judge