**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHENZHEN DAISILI COMMERCIAL CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO,<br><br>Defendants. | Case No. 1:25-cv-03188-LAP<br><br>District Judge: Loretta A. Preska |

## ~~[PROPOSED]~~ DEFAULT JUDGMENT ORDER

This action having been commenced by Plaintiff Shenzen Daisili Commercial Co, LTD ("Shenzhen") against the Defendants identified on Schedule A, and using the Defendant Domain Names and Online Marketplace Accounts identified on Schedule A (collectively, the "Storefront Defendants"), and Plaintiff having moved for entry of Default and Default Judgment against the Defendants identified on the Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants"), this Court, having reviewed Plaintiff's Motion for Entry of Default and Default Judgment, states as follows:

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendants, providing notice by electronically publishing a link to relevant documents filed with this Court on a website and sending an e-mail with a link to said website, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including New York. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to New York residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including New York, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered copyrights (the "Shenzen Copyrights") to residents of New York. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with New York residents by operating one or more commercial, interactive internet stores through which New York residents can and do purchase products infringing upon the Shenzen Copyrights. (*See* Sealed Compl., Dkt. No. 1).

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement under the Copyright Act (17 U.S.C. § 106 *et seq.* and 17 U.S.C. § 501 *et seq.*).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. using the Shenzen Copyrights or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, offering for sale, or sale of any product not authorized by Plaintiff to be sold in connection with the Shenzen Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Shenzen Copyrights; and

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff.

2. Pursuant to 15 U.S.C. § 504(c), Plaintiff is awarded statutory damages of $150,000 from each of the Defaulting Defendants, identified on Schedule A attached hereto, for their willful infringement of the Shenzen Copyrights on products sold through at least the Defaulting Defendants' e-commerce storefronts.

3. Any Third Party Providers holding funds for Defaulting Defendants, including but not limited to Temu, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants from transferring or disposing of any funds or any other Defaulting Defendants' assets.

4. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Temu, are hereby released to Plaintiff as partial payment of the above identified damages, and Third Party Providers, including Temu, are

ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

5. Although the financial accounts shall remain restrained, nothing herein shall restrict the Defaulting Defendants from operating the associated Online Marketplace Accounts to sell products unrelated to Plaintiff or bearing the Shenzen Copyrights. Third Party Providers are not to release additional monies received into the Defaulting Defendants' accounts unless by future court order.

6. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

7. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

8. The one-thousand-dollar ($1,000) surety bond posted by Plaintiff is hereby released to Plaintiff or its counsel, Hinshaw & Culberson, LLP. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or its counsel.

This is a Default Judgment

Dated: July 22, 2024

SO ORDERED

Loretta A Preska

Loretta A. Preska
United States District Judge

# Schedule A

| Defendant No. | Defendant Name | Judgment Award |
|---|---|---|
| 5. | JE | $150,000 plus all monies restrained in accounts held by Defendant as of ______, 2026 |
| 6. | TYOURS | $150,000 plus all monies restrained in accounts held by Defendant as of ______, 2026 |
| 7. | YYDSSS | $150,000 plus all monies restrained in accounts held by Defendant as of ______, 2026 |
| 8. | TES Large Size | $150,000 plus all monies restrained in accounts held by Defendant as of ______, 2026 |
| 12. | Alubo | $150,000 plus all monies restrained in accounts held by Defendant as of ______, 2026 |